**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JOHN EVERETT, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-1694 (RC) |
| | : | | |
| v. | : | Re Document No.: | 7 |
| | : | | |
| THE UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS THE DURHAM COUNTY BOARD OF ELECTIONS, THE COUNTY OF DURHAM, AND MICHAEL D. PAGE'S MOTION TO DISMISS**

On October 9, 2014, *pro se* Plaintiff John Everett filed a complaint against the United States Department of Justice and a number of other defendants. *See generally* Compl., ECF No. 1. On January 2, 2015, Defendants the Durham County Board of Elections, the County of Durham, and Michael D. Page (the "Defendants") filed a motion to dismiss under Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. Dismiss, ECF No. 7. For the reasons below, the Court grants the Defendants' motion.

To withstand a defendant's motion to dismiss for a lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), a plaintiff bears the burden of making a prima facie showing of specific and pertinent jurisdictional facts. *See Am. Action Network, Inc. v. Cater Am., LLC*, 983 F. Supp. 2d 112, 118 (D.D.C. 2013) (quoting *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C. Cir. 1984)); *United States v. Philip Morris, Inc.,* 116 F. Supp. 2d 116, 121 (D.D.C. 2000). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum . . . ." *Philip Morris,* 116 F. Supp. 2d at 121 (citing *Naartex Consulting Corp. v. Watt,* 722 F.2d

779, 787 (D.C. Cir. 1983)). "For jurisdiction over the defendant to be conferred upon this court, the most critical inquiry is . . . whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum." *Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 141 (D.D.C. 2013) (citing *Shoppers Food Warehouse v. Moreno,* 746 A.2d 320, 326 (D.C. 2000)).  Unlike a Rule 12(b)(6) motion to dismiss, the Court "need not treat all of a plaintiff's allegations as true" when deciding on a Rule 12(b)(2) motion.  *American Action Network, Inc.*, 983 F. Supp. 2d at 118.  The Court may instead consider any "relevant matter" to assist it in making the determination.  *Id.*  The Court must, however, "resolve any factual discrepancies with regard to establishing personal jurisdiction in favor of the plaintiff."  *Id.* (citing *Crane v. N.Y. Zoological Soc'y,* 894 F.2d 454, 456 (D.C. Cir. 1990)).  A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), but it nonetheless must allege claims against defendants over whom this Court can exercise its jurisdiction.  *See, e.g.*, *Myers*, 915 F. Supp. 2d at 144 (dismissing a *pro se* plaintiff's complaint in part because of a lack of personal jurisdiction over the defendants).

   Because Mr. Everett's complaint fails to meet this burden, this Court is without jurisdiction to hear his case.  He does not establish facts anywhere throughout his sixty-seven page complaint that would allow the Court to exercise its jurisdiction over the Defendants.  Though Mr. Everett makes certain jurisdictional arguments in his complaint, he fails to establish a connection between the Defendants and the District of Columbia.  *See* Compl. 2–3.  Even if charitably construed, the arguments made in the complaint would only establish subject matter jurisdiction over some of Mr. Everett's claims, not personal jurisdiction over the Defendants.  *See id.*

Additionally, Mr. Everett has conceded the Defendants' motion to dismiss, *see* ECF No. 7, by his failure to respond to the motion by May 7, 2015.  *See* Second Fox/Neal Order, ECF No. 23.  Although Mr. Everett had missed the original response deadline of January 16, 2015, *see* Fed. R. Civ. P. 6(a); D.D.C. Civ. R. 7(b), on February 23, 2015, the Court opted not to treat Mr. Everett's motion as conceded, *see* D.D.C. Civ. R. 7(b).  Instead, the Court advised Mr. Everett, who is proceeding *pro se*, of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules.  *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam) (holding that a district court must take pains to advise a *pro se* party of the consequences of the failure to respond to a dispositive motion); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).  In the same order, the Court ordered Mr. Everett to respond to the Defendants' motion on or before March 23, 2015, and explained that if Mr. Everett failed to do so, the Court could treat the motion as conceded, grant the motion, and dismiss his case.  *See* Order, ECF No. 15.  Although Mr. Everett's March 24, 2015 motion for an extension of time, *see* ECF No. 19, failed to meet the March 23, 2015 deadline, on April 7, 2015, the Court nonetheless granted him a further extension until May 7, 2015.  *See* Second Fox/Neal Order.  May 7, 2015, has now passed, and Mr. Everett has still not responded to the motion or provided a more definite statement of his claims.  To the extent that Mr. Everett's motion of May 11, 2015 is intended to respond to the Defendants' motion to dismiss, it does not do so adequately.  *See* Pl.'s Objection to Defs.' Mot. Dismiss, ECF No. 28.

Mr. Everett has not met his burden of establishing this Court's personal jurisdiction over the Defendants, and he has conceded the Defendants' motion to dismiss on this issue.  Accordingly, the Defendants' motion to dismiss (ECF No. 7) is **GRANTED**.  Further, Mr. Everett's claims as to Defendants the Durham County Board of Elections, the County of Durham and Michael D.

Page are **DISMISSED WITHOUT PREJUDICE** because this Court lacks personal jurisdiction over them.

Dated:  June 18, 2015                                                                    RUDOLPH CONTRERAS
                                                                                                       United States District Judge