UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN EVERETT, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-1694 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 16, 36 |
| | : | | |
| THE UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING DEFENDANT HARTFORD INSURANCE COMPANY'S MOTION TO DISMISS AND DENYING DEFENDANT HARTFORD INSURANCE COMPANY'S RENEWED MOTION TO DISMISS AS MOOT

On October 9, 2014, *pro se* Plaintiff John Everett filed a complaint against the United States Department of Justice and a number of other defendants. *See generally* Compl., ECF No. 1. On February 26, 2015, Defendant Hartford Insurance Company ("Hartford") filed a motion to dismiss or for judgment on the pleadings pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. Dismiss, ECF No. 16. For the reasons below, the Court grants Hartford's motion.[1]

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.

---

[1] Hartford renewed its motion on May 26, 2015. *See* Def.'s Renew. Mot. Dismiss, ECF No. 36. The Court denies that motion as moot.

*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It is not necessary for the plaintiff to plead all elements of her prima facie case in the complaint.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555.

Because Mr. Everett's complaint fails to state a claim upon which relief can be granted, it cannot survive a motion to dismiss.  *See* Fed. R. Civ. P. 12(b)(6).  Even when construed liberally in Mr. Everett's favor, as the Court must do with *pro se* plaintiffs, *see Erickson*, 551 U.S. at 94, the complaint does not allege a cause of action that would establish a cognizable right to relief.  *See* Compl. ¶ 63–66.  Mr. Everett alleges at best that Hartford insures other parties named in the suit, *see id.* ¶ 63, and that Hartford has violated various statutes, *see id.* ¶ 65, 66.  This by itself

does not state a claim to relief because Mr. Everett does not establish that Hartford insures him or owes him a legal duty.  Furthermore, Mr. Everett does not demonstrate "sufficient factual matter" anywhere throughout his sixty-seven page complaint that would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  Instead, he makes "a confused and rambling narrative of charges and conclusions" that are "neither plainly nor concisely stated." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977); *see also Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 404 (D.C. Cir. 2012) (dismissing a complaint because it was unclear "who breached what obligation and how, and the manner in which the defendants intentionally caused that breach").  The result is a complaint filled with "mere conclusory allegations" that cannot withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

Additionally, Mr. Everett has conceded Hartford's motion to dismiss by his failure to respond to the motion by May 7, 2015.  Although Mr. Everett had missed the original response deadline of March 12, 2015, *see* Fed. R. Civ. P. 6(a); D.D.C. Civ. R. 7(b), on April 7, 2015, the Court opted not to treat Mr. Everett's motion as conceded, *see* D.D.C. Civ. R. 7(b).  Instead, the Court advised Mr. Everett, who is proceeding *pro se*, of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules.  *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam) (holding that a district court must take pains to advise a *pro se* party of the consequences of the failure to respond to a dispositive motion); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).  In the same order, the Court ordered Mr. Everett to respond to Hartford's motion on or before May 7, 2015, and explained that if Mr. Everett failed to do so, the Court could treat the motion as conceded, grant the motion, and dismiss his case.  *See* Second Fox/Neal Order, ECF No. 23.  May 7, 2015, has now passed, and Mr. Everett has still not responded to the motion or provided a more definite statement of his claims.  To the extent that Mr. Everett's

motion of May 11, 2015 is intended to respond to Hartford's motion to dismiss, it does not do so adequately.  *See* Pl.'s Objection to Defs.' Mot. Dismiss, ECF No. 28.

Mr. Everett's complaint does not state a claim against Hartford that entitles him to relief, and he has conceded Hartford's motion on this issue.  Accordingly, Hartford's motion to dismiss or for judgment on the pleadings (ECF No. 16) is **GRANTED**, and Hartford's renewed motion to dismiss or for judgment on the pleadings (ECF No. 36) is **DENIED AS MOOT**.  Further, Mr. Everett's claims as to Defendant Hartford Insurance Company are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against Hartford upon which relief can be granted.

Dated:  June 18, 2015                                                              RUDOLPH CONTRERAS
                                                                                                    United States District Judge