### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN EVERETT, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-1694 (RC) |
| | : | | |
| v. | : | Re Document No.: | 12 |
| | : | | |
| THE UNITED STATES DEPARTMENT | | | |
| OF JUSTICE, *et al.*, | | | |
| | : | | |
| Defendants. | : | | |

### MEMORANDUM OPINION

### GRANTING DEFENDANT FIDELITY & DEPOSIT COMPANY OF MARYLAND'S MOTION TO DISMISS

On October 9, 2014, *pro se* Plaintiff John Everett filed a complaint against the United States Department of Justice and a number of other defendants. *See generally* Compl., ECF No. 1. On January 29, 2015, Defendant Fidelity & Deposit Company of Maryland ("F&D") filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. Dismiss, ECF No. 12. For the reasons below, the Court grants F&D's motion.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). It

is not necessary for the plaintiff to plead all elements of her prima facie case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555.

Because Mr. Everett's complaint fails to state a claim upon which relief can be granted, it cannot survive a motion to dismiss.  *See* Fed. R. Civ. P. 12(b)(6).  Even when construed liberally in Mr. Everett's favor, as the Court must do with *pro se* plaintiffs, *see Erickson*, 551 U.S. at 94, the complaint does not allege a cause of action that would establish a cognizable right to relief. *See* Compl. ¶ 58-62.  Mr. Everett alleges at best that F&D insures other parties named in the suit, *see id.* ¶ 58, and that F&D has violated various statutes, *see id.* ¶ 60, 62.  This by itself does not state a claim to relief because Mr. Everett does not establish that F&D insures him or owes him a legal duty.  Furthermore, Mr. Everett does not demonstrate "sufficient factual matter" anywhere throughout his sixty-seven page complaint that would "state a claim to relief that is plausible on

its face." *Iqbal*, 556 U.S. at 678.  Instead, he makes "a confused and rambling narrative of charges and conclusions" that are "neither plainly nor concisely stated." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977); *see also Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 404 (D.C. Cir. 2012) (dismissing a complaint because it was unclear "who breached what obligation and how, and the manner in which the defendants intentionally caused that breach").  The result is a complaint filled with "mere conclusory allegations" that cannot withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

Additionally, Mr. Everett has conceded F&D's motion to dismiss, *see* ECF No. 12, by his failure to respond to the motion by May 7, 2015.  Although Mr. Everett had missed the original response deadline of February 12, 2015, *see* Fed. R. Civ. P. 6(a); D.D.C. Civ. R. 7(b), on February 23, 2015, the Court opted not to treat Mr. Everett's motion as conceded, *see* D.D.C. Civ. R. 7(b).  Instead, the Court advised Mr. Everett, who is proceeding *pro se*, of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules.  *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam) (holding that a district court must take pains to advise a *pro se* party of the consequences of the failure to respond to a dispositive motion); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).  In the same order, the Court ordered Mr. Everett to respond to F&D's motion on or before March 23, 2015, and explained that if Mr. Everett failed to do so, the Court could treat the motion as conceded, grant the motion, and dismiss his case.  *See* Order, ECF No. 15.  Although Mr. Everett's March 24, 2015 motion for an extension of time, *see* ECF No. 19, failed to meet the March 23, 2015 deadline, on April 7, 2015, the Court nonetheless granted him a further extension until May 7, 2015.  *See* Second Fox/Neal Order, ECF No. 23. May 7, 2015, has now passed, and Mr. Everett has still not responded to the motion or provided a more definite statement of his claims.  To the extent that Mr. Everett's motion of May 11, 2015

is intended to respond to F&D's motion to dismiss, it does not do so adequately.  *See* Pl.'s Objection to Defs.' Mot. Dismiss, ECF No. 28.

Mr. Everett's complaint does not state a claim against F&D that entitles him to relief, and he has conceded F&D's motion to dismiss on this issue.  Accordingly, F&D's motion to dismiss (ECF No. 12) is **GRANTED**.  Further, Mr. Everett's claims as to Defendant Fidelity & Deposit Company of Maryland are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against F&D upon which relief can be granted.

Dated:  June 18, 2015                                           RUDOLPH CONTRERAS
                                                               United States District Judge